908 So.2d 181 (2005)
Willie Curtis JACOX, Appellant,
v.
CIRCUS CIRCUS MISSISSIPPI, INC. d/b/a Gold Strike Casino Resort, Appellee.
No. 2004-CP-01495-COA.
Court of Appeals of Mississippi.
July 26, 2005.
*182 Willie Curtis Jacox (Pro se), attorney for appellant.
John Ramsey McCarroll, Southaven, Eugenia G. McGown, attorneys for appellee.
*183 Before KING, C.J., MYERS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. This cause was originally brought by pro se plaintiff Willie Jacox in the Circuit Court of Tunica County. Jacox filed suit against Circus Circus of Mississippi Inc. d/b/a as Gold Strike Casino Resort ("Gold Strike") on a premises liability cause of action. Gold Strike filed a motion for summary judgment, which was granted. Aggrieved by this decision, Jacox now appeals.

FACTS
¶ 2. Willie Jacox is a resident of Centerville, Georgia. On or about November 30, 2002, Jacox visited the Gold Strike Casino for a night of gambling. After gambling for several hours, Jacox sought to relieve himself in one of the Casino's first floor restrooms. Jacox alleged in his original complaint that he began to defecate in a toilet and that after giving what he termed a "courtesy flush," the toilet rapidly overflowed. Jacox alleges that the rapidly rising flotsam startled him into jumping quickly from the toilet stool. Jacox alleges that jumping up caused him to slip and fall in the water and feces, injuring his wrist, back, leg, neck, and arm in the process. Jacox further alleges that after entreating Gold Strike employees for help, he was met with laughter and derision. Jacox filed suit against Gold Strike on March 7, 2003, seeking compensatory and punitive damages in the amount of $4,000,000 for his injuries. Both parties then proceeded with discovery. On September 26, 2003, counsel for Gold Strike traveled to Centerville, Georgia to depose Jacox. At his deposition Jacox provided a plethora of salient testimony that was ultimately devastating to his claim. Jacox testified that upon entering the bathroom stall, there was nothing in the toilet nor any indication that the toilet was functioning improperly. Jacox also admitted in discovery responses that he had not seen a doctor for any of the injuries that he had allegedly incurred as a result of his fall. Jacox did not name a single physician who would testify that any pain he may have felt was related to his visit to the Gold Strike Casino. Jacox did not depose anyone and instead relied on the allegations in his complaint.
¶ 3. Gold Coast filed a motion for summary judgment on December 19, 2003, arguing that it was entitled to judgment as a matter of law. After a hearing on the motion for summary judgment on May 26, 2004, the trial court granted the motion. In its order the trial court held that Jacox had failed to establish a prima facie case of negligence against Gold Strike, and that he had likewise failed to establish that Gold Strike had actual or constructive notice of any dangerous condition. Aggrieved by this decision, Jacox asserts on appeal his sole assignment that the trial court erred by granting Gold Strike's motion for summary judgment.

ISSUES AND ANALYSIS

I. Whether the trial court erred in granting summary judgment in favor of Gold Coast.
¶ 4. An appeal from summary judgment is reviewed de novo. Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136 (¶ 19) (Miss. 1998). Therefore, we must question whether the appellant is entitled to relief as a matter of law. "The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c)." Dailey v. Methodist Medical Center, 790 So.2d 903, 906-07(¶ 3) (Miss. Ct.App.2001). This Court conducts a de novo review of any orders granting or denying summary judgment, as well as *184 scrutinizing all evidence before it, such as pleadings, interrogatories, depositions, and affidavits, etc. Dailey, 790 So.2d at 907. "The evidence must be viewed in the light most favorable to the party against whom the motion has been made." Id. "All that is required by a nonmoving party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under Miss. R. Civ. P. 56(c)." Id. (Citing Spartan Foods Systems, Inc. v. American Nat'l Ins. Co., 582 So.2d 399, 402 (Miss.1991)).
¶ 5. Jacox asserts that the trial court erred as a matter of law in determining that he failed to establish a prima facie case of negligence. Much of Jacox's argument on appeal asserts broadly that he has been abused by the forces of our judicial system. Jacox avers, in short, that he suffered a fall in the Gold Strike Casino, that the fall must assuredly be through the fault of Gold Strike, and that he is therefore entitled to $4,000,000 in damages. It seems that, in essence, Jacox seeks to impose a sort of strict liability upon Gold Strike. Jacox repeatedly alludes to the fact that he is not versed in the law, and does not have the resources to compete on fair grounds with a large and "filthy rich" defendant like Gold Strike. He further asserts that Gold Strike sought to dismiss his suit through "legal trickery." Jacox even goes so far as to fault the trial judge for leading and aiding Gold Strike throughout the short duration of his suit.
¶ 6. Unfortunately for Jacox, bare allegations cannot defeat a motion for summary judgment. The ritualized combat of the courtroom demands that favorable outcomes may be obtained only after meeting clearly established legal and procedural standards. The Mississippi Supreme Court has held that "[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties." Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss. 1987). We simply may not rely upon unsupported, conclusory allegations to defeat a motion for summary judgment where there are no issues of material fact. See Richardson v. Oldham, 12 F.3d 1373, 1378-79 (5th Cir.1994) (affidavits in opposition to summary judgment that contain conclusions or conjecture not based on personal knowledge and insufficient factual specificity are not competent summary judgment evidence); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.1994) (unsubstantiated assertions are not competent summary judgment evidence); Krim v. Banc-Texas Group, Inc., 989 F.2d 1435, 1449 (5th Cir.1993) (if the nonmoving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation, summary judgment may be appropriate).
¶ 7. Under Mississippi law, an operator of a business premise owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1998); Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992). However, the operator of a business is not an insurer against all injuries. Munford, 597 So.2d at 1284. "Proof merely of the occurrence of a fall on a floor within a business is insufficient to show negligence on the part of the proprietor . . . and the doctrine of res ipsa loquitur is inapplicable in cases of this kind." Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss.1966). To prove that the operator was negligent, the plaintiff must show either (1) that the operator caused the dangerous condition, or, (2) if the dangerous condition was caused by a third person unconnected with the store operation, that the operator had either actual or constructive knowledge of the dangerous *185 condition. Munford I, 597 So.2d at 1284; Waller v. Dixieland Food Stores Inc., 492 So.2d 283, 285 (Miss.1986).
¶ 8. Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of that condition. Munford, 597 So.2d at 1284. The plaintiff must produce admissible evidence of the length of time that the hazard existed and the court will indulge no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period. Waller, 492 So.2d at 286. The plaintiff must present specific proof as to the actual relevant length of time. Dickens v. Wal-Mart Stores, Inc., 841 F.Supp. 768, 771 (S.D.Miss.1994).
¶ 9. Jacox has offered no evidence that Gold Strike or any individual under its control caused or contributed to the overflowing toilet. Thus, Jacox has no proof that Gold Strike caused a dangerous condition as required by law. Furthermore, Jacox has presented no evidence that Gold Strike had actual knowledge of any dangerous condition in the men's bathroom. Likewise, Jacox has failed to show that Gold Strike maintained constructive knowledge of any dangerous condition in the bathroom. Jacox admits in his own deposition that there was no visible indication of a problem with the toilet prior to using it. He asserts that Gold Strike should have had bathroom attendants in its bathrooms at all times to prevent toilets from overflowing. However, there is no way that a hypothetical bathroom attendant could have seen a problem with the offending toilet if Jacox himself had not seen any. Jacox also offers no evidence that Gold Strike fell below any recognized standard of care in its maintenance or cleaning of its bathroom. Jacox challenges any reliance upon his deposition, as he asserts that it was taken after the deadline for discovery had expired. However, Jacox waived any challenge to the deposition when he agreed to the taking of the deposition after the deadline. Furthermore, he was not prejudiced by the taking of the deposition, and failed to object to the deposition at trial. See Patterson v. State, 594 So.2d 606, 609 (Miss.1992) (our courts will not consider arguments or objections raised for the first time on appeal). Finally, Jacox can offer no legally sufficient proof of damages beyond his own bare assertions.
¶ 10. Taking all evidence in the light most favorable to Jacox, there are no material issues of fact that require presentation to a jury. Therefore, we must hold that the trial court did not err in granting Gold Strike's motion for summary judgment. We admit that it takes some measure of bravery to enter into a courtroom as a pro se plaintiff against an experienced and well-funded opponent. However, such action cannot change the hard fact that Jacox simply has no legally cognizable case. Finding no error, we affirm.
¶ 11. THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.