ISHEE, J.,
for the Court.
¶ 1. Alamac, LLC filed suit against Travelers Bank & Trust, FSB, Citifinan-cial Mortgage Company, Inc., Deberá Bridges, in her capacity as trustee, and Emily Kay Courteau, in her capacity as substituted trustee (Travelers) in the Chancery Court of Walthall County requesting a temporary restraining order, preliminary injunction, and declaratory judgment to prohibit Travelers from conducting a foreclosure sale of certain real property in Walthall County. Both Ala-mac and Travelers filed motions for summary judgment. The court granted Travelers’s motion for summary judgment. On appeal, Alamac asserts that the court abused its discretion, applied an erroneous legal standard and committed manifest error in failing to sustain Alamac’s motion for summary judgment.
FACTS
¶ 2. On January 11, 2000, Karen Stocki executed a deed of trust for the benefit of Travelers. The deed of trust, which was prepared by Travelers, was recorded in the land records of Walthall County in trust deed book 262, at page 651. The real property encumbered by this deed of trust is located in Tylertown, Mississippi; the correct legal description of the real prop *220 erty is as follows: Section 19, Township 2 North, Range 11 East. The Travelers deed of trust contained the correct legal description in the granting clause, but the indexing instructions on the instrument described the property as being located in Section 15, Township 2 North, Range 11 East. Thus, the Travelers deed of trust was incorrectly indexed by the Walthall County chancery clerk in the sectional index. Nonetheless, the Travelers’s deed of trust was correctly indexed in the general index.
¶ 3. On January 13, 2000, Stocki conveyed the property to Alamac by warranty deed. At the time of the conveyance, the Travelers’s deed of trust was still outstanding. The title search commissioned by Alamac prior to purchase from Stocki did not reveal the outstanding deed of trust because the search was confined to the sectional index. Thus, Alamac purchased the property and borrowed a portion of the purchase price from Pike County National Bank without consulting the general index of the Walthall County land records.
¶ 4. On December 28, 2004, Alamac filed a complaint in the Chancery Court of Walthall County against Travelers asserting that it was a bona fide purchaser for value without notice of the Travelers’s deed of trust. Consequently, Alamac prayed for a temporary restraining order, and a preliminary and permanent injunction to prevent Travelers from conducting a foreclosure sale. Alamac also requested a declaratory judgment that Travelers’s security interest in the property was subordinate and junior to Alamac’s interests. On April 12, 2005 Alamac filed an amended complaint listing two additional grounds for relief: estoppel and laches.
¶5. On May 19, 2005, Alamac filed a motion for summary judgment. Travelers also filed a motion for summary judgment on June 3, 2005. The chancery court granted Travelers’s motion for summary judgment on August 3, 2005. Citing Mississippi Code Annotated section 89-5-33, the court found that the general index “remains the official index to be primarily relied upon in the State of Mississippi and that any document correctly indexed in such index will stand as constructive notice to any potential purchaser.” Consequently, the court determined that Alamac was not a bona fide purchaser without notice. Aggrieved, Alamac appeals.
STANDARD OF REVIEW
¶ 6. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 183(114) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss.1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906-07(¶ 3) (Miss.Ct.App.2001)). Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.” The evidence must be viewed in the light most favorable to the non-moving party. Jacox, 908 So.2d at 184 (¶ 4) (citing Dailey, 790 So.2d at 907).
ISSUE AND ANALYSIS
I. Whether the trial court abused its discretion, applied an erroneous legal standard and committed manifest error in failing to sustain Alamac’s motion for summary judgment.
¶ 7. Citing Mississippi Code Annotated section 89-5-33(2), Alamac maintains that *221 Travelers was unable to satisfy its burden to defeat Alamac’s motion for summary judgment because Travelers failed to provide a correct indexing instruction of the land for the statutorily mandated sectional index. Mississippi Code Annotated section 89-5-33(2) provides in part that “[t]he clerk of the chancery court shall maintain a sectional index to instruments describing land which are also entered in the general index.” Alamac also cites Mississippi Code Annotated section 89-5-33(3) (Supp. 2005), which provides in part that “[e]very surveyer or other person who prepares a legal description of land ... shall ... include an indexing instruction which shall state the section, township and range.” Based on the foregoing statutory provisions, Alamac asserts that the person who prepares the document and the chancery clerk have the responsibility of properly entering documents in the sectional index. Alamac further asserts that it had no notice of the Travelers’s deed of trust because it had a right to rely solely on the statutorily mandated sectional index. Consequently, Alamac contends that Travelers waived its priority by not ensuring that their document was properly entered in the sectional index.
¶ 8. The chancery court determined that Alamac was not a bona fide purchaser without notice because the Travelers deed of trust was properly entered in the general (direct and reverse) index. We agree. In addition to the portion cited by Alamac, Mississippi Code Annotated section 89-5-33(2) also provides in part that: “[i]n the event of conflict between the general and the sectional indices, the notice imparted by the general index shall prevail except to the extent the land is described by lot number for platted subdivisions, official surveys and unofficial subdivisions and surveys commonly in use, the sectional index shall prevail.” In the case sub judi-ce, the land is not described by lot number for platted subdivisions, official surveys, or unofficial subdivision, or a survey commonly in use. Thus, Alamac had a duty to search the general index, as it would prevail over an incorrect entry in the sectional index. Because the deed of trust was properly entered in the general index, we find that the chancery court correctly determined that Alamac had constructive notice of the Travelers’s deed of trust. We also find the chancery court did not err in denying Alamac’s motion for summary judgment. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF WALTHALL COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.