ISHEE, J.,
for the Court.
¶ 1. Charles Lavel Stringer filed suit against Thomas J. Lowe Jr. in the Circuit Court of Hinds County alleging legal malpractice. On November 4, 2004, the trial court entered an order granting Lowe’s motion for summary judgment. Aggrieved by the decision, Stringer appeals. Finding no error, we affirm.
FACTS
¶ 2. At some time prior to September 18, 1990, Lowe was appointed to represent Stringer in a criminal case, wherein Stringer was indicted as a habitual offender on drug charges. During the trial, Lowe was not allowed to call three witnesses on Stringer’s behalf because Lowe had failed to disclose the witnesses to the prosecution prior to trial. Stringer himself addressed the trial court and complained of ineffective counsel. Stringer was convicted by the jury and sentenced to thirty years in the custody of the Mississippi Department of Corrections and was ordered to pay a fine in the amount of one million dollars. On October 7, 1993, the Mississippi Supreme Court ruled that Lowe was ineffective as counsel and overturned Stringer’s conviction. Stringer v. State, 627 So.2d 326, 330 (Miss.1993).
¶ 3. Stringer filed suit against Lowe in the Circuit Court of Hinds County alleging legal malpractice on September 4, 1996, which was approximately six years after his criminal trial. The trial court granted Lowe’s motion for summary judgment based on the fact that the applicable statute of limitations had run.
¶ 4. Aggrieved by the judgment, Stringer appeals. He presents the following issues for this Court’s review: (1) whether the trial court erred in applying the three-year statute of limitations; (2) whether the trial court erred in ruling that the statute of limitations begins to run when the plaintiff becomes aware of such alleged misrepresentation; (3) whether actions taken by a court-appointed attorney constitute state actions under 42 U.S.C. § 1983.
STANDARD OF REVIEW
¶ 5. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Cir *383 cus Miss., Inc., 908 So.2d 181, 183(¶4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss. 1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906-07(¶ 3) (Miss.Ct.App.2001)). Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.” The evidence must be viewed in the light most favorable to the non-moving party. Jacox, 908 So.2d at 181 (¶ 4) (citing Dailey, 790 So.2d at 903).
ISSUES AND ANALYSIS
I. Whether the trial court erred in applying the three-year statute of limitations.
¶ 6. The Mississippi Legislature amended section 15-1-49 of the Mississippi Code Annotated (1972) on March 12, 1990, and changed the general statute of limitations from six to three years. Stringer terminated Lowe on September 21, 1990. Stringer filed suit against Lowe alleging legal malpractice on September 4, 1996. Furthermore, the statute of limitations was not tolled. This issue is without merit.
II. Whether the trial court erred in ruling that the statute of limitations begins to run when the plaintiff becomes aware of such alleged misrepresentation.
¶ 7. Stringer asserts that the statute of limitations should begin to run when a conviction or sentence is invalidated and not when the party becomes aware of the alleged misrepresentation. This assertion is incorrect. In Smith v. Sneed, 638 So.2d 1252, 1253 (Miss.1994), the Court ruled that the statute of limitations in a legal malpractice action properly begins to run on the date the client learns or through the exercise of reasonable diligence should learn of the negligence of his lawyer. Stringer terminated Lowe on September 21, 1990, which suggests that he had learned of the alleged negligence that was committed by Lowe. Furthermore, the trial transcript contains statements made by Stringer at trial that allege misrepresentation by Lowe. This issue is without merit.
III.Whether actions taken by a court-appointed attorney constitute state action under 42 U.S.C. § 1983.
¶ 8. The Fourteenth Amendment protects individuals from constitutional violations perpetrated against them by the State but not by private individuals. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Under 42 U.S.C. section 1983 (2000), the federal government has provided for civil redress against individuals who, under col- or of state law, deprive another of “any rights, privileges, or immunities secured by the Constitution or laws.” This has been interpreted to mean that “the conduct causing the deprivation of a federal right be fairly attributable to the State.” Id. at 937, 102 S.Ct. 2744. However, the Supreme Court has ruled that, for purposes of section 1983 liability, public defenders are not state actors when the alleged constitutional violation arose as a result of traditional defense counsel duties. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Except for the source of payment, the relationship between public defender and client is indistinguishable from that of any other attorney and client. Id. at 318, 102 *384 S.Ct. 445. Once a lawyer has undertaken representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, court-appointed or serving in a legal aid or defender program. Id. Thus, section 1983 was not properly used by Stringer in this case. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., NOT PARTICIPATING.