972 So.2d 645 (2006)
Coye A. HOLMAN and Ted Holman, Appellants
v.
HOWARD WILSON CHRYSLER JEEP, INC., Appellee.
No. 2005-CA-01154-COA.
Court of Appeals of Mississippi.
November 14, 2006.
Rehearing Denied April 3, 2007.
*646 Mark W. Prewitt, Vicksburg, attorney for appellants.
Jeffrey P. Hubbard, Susan Louise Durham, Jackson, attorneys for appellee.
Before MYERS, P.J., IRVING, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Coye and Ted Holman filed suit against Howard Wilson Chrysler Jeep, Inc., in the Circuit Court of Rankin County on November 10, 2003, seeking actual and punitive damages allegedly suffered as a result of prior damage to a 2002 Jeep Grand Cherokee that was purchased from Howard Wilson. The court granted a motion filed by the Holmans to amend their complaint. After the complaint was amended the court granted Howard Wilson's motion for summary judgment and dismissed the case, with prejudice. Finding no error, we affirm.

FACTS
¶ 2. On July 30, 2002, the Holmans purchased a 2002 Jeep Grand Cherokee from Howard Wilson. The Jeep was a demonstrator vehicle that had been driven approximately 8,000 miles at the time of purchase. On October 2, 2003, the Holmans were informed by their insurance agent that the Jeep they had purchased was previously involved in an accident.
¶ 3. The Holmans allege that Howard Wilson knew the Jeep had previously sustained substantial damage and that Howard Wilson had intentionally concealed the damages. The Holmans alleged that Howard Wilson's actions constitute negligence, consumer fraud, and material misrepresentation.
*647 ¶ 4. Howard Wilson responded that they were under no duty to disclose any prior damage to the vehicle but did so anyway. They direct this Court's attention to Regulation One, which was promulgated by the Mississippi Motor Vehicle Commission, and to the contract that the Holmans signed.
¶ 5. The court granted Howard Wilson's motion for summary judgment on June 1, 2005. Aggrieved by the judgment, the Holmans appeal and assert the following: (1) whether the trial court erred in granting Howard Wilson's motion for summary judgment.

STANDARD OF REVIEW
¶ 6. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss. 1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906-07(¶ 3) (Miss.Ct.App.2001)). Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The evidence must be viewed in the light most favorable to the nonmoving party. Jacox, 908 So.2d at 181(¶ 4) (citing Dailey v. Methodist Med. Ctr., 790 So.2d at 903)).

ISSUES AND ANALYSIS
I. Whether the trial court erred in granting Howard Wilson's motion for summary judgment.
¶ 7. The Mississippi Motor Vehicle Commission was established by Mississippi Code Annotated section 63-17-57 (Supp. 2006). The Commission was created because of the significant effect the automobile industry has on the general economy of the State. Miss Code Ann. § 63-17-53 (Rev.2004). Mississippi Code Annotated section 63-17-69 (Rev.2004) gives the Commission the power to issue such rules and regulations that are necessary to carry out the provisions of the Mississippi Motor Vehicle Commission Law. Howard Wilson asserts that Regulation One, which governs damage disclosure, does not require it to disclose any damage. We agree. Regulation One provides as follows:
On any vehicle, corrected damage exceeding six percent (6%) of the manufacturer's suggested retail price, as measured by retail repair costs, must be disclosed in writing prior to dealer transfers and consumer deliveries. Damage to glass, tires, and bumpers and any damaged components or options which can be replaced by identical components are excluded from the six percent (6%) regulation when replaced by identical manufacturer's original equipment.
¶ 8. The Holmans argue that Regulation One is not applicable and that Howard Wilson had a duty to make such disclosures. It is this Court's opinion that Howard Wilson did make such disclosures. The document that the Holmans signed contained the following disclosure:
The Vehicle may have suffered damages and may have had repairs performed on it during prior ownership or usage, during transit or while in the control or possession of Howard Wilson. It is acknowledged that the Vehicle has been inspected in accordance with the law, and that it has been test driven and fully inspected by offeror(s) and all others *648 requested or desired by offeror(s) to do so. The Vehicle is fully acceptable to offeror(s) in its present condition. Howard Wilson has no obligation to furnish any loaner car to offeror(s) or to provide any other substitute transportation to offeror(s) for any reason.
¶ 9. When examining a contract, a court should first examine the four corners of the contract to determine how to interpret it. Rotenberry v. Hooker, 864 So.2d 266, 270(¶ 14) (Miss.2003) (citing McKee v. McKee, 568 So.2d 262, 266 (Miss.1990)). This Court is of the opinion that the language of the lease agreement governs and that the Holmans were made aware of possible damages by the disclosure made by Howard Wilson.
¶ 10. This vehicle was purchased in July of 2002, yet the Holmans did not file suit until November 2003, after driving an additional 20,000 miles after the purchase. Howard Wilson replaced the following component parts prior to the sale: front-cover radiator support, cross-members, deflector, radiator-engine cooling, condenser, bracket, coolant and freon; bumper-facsia. The Holmans have stated that the seats, key adjustment, and transmission are flawed. Nevertheless, the Holmans failed to provide evidence of causation. In addition, the repairs Howard Wilson made do not relate to the damages that the Holmans have alleged.
¶ 11. Furthermore, the vehicle purchased was a demonstrator vehicle that had been driven approximately 8,000 miles at the time of purchase.
¶ 12. After reading Regulation One, it is clear that Howard Wilson did not have a duty to disclose the prior damages. Despite this regulation, Howard Wilson had the Holmans sign a disclosure statement that would have fulfilled their duty had there been one. Lastly, the Holmans have failed to show any connection with the prior damage to the damages they allegedly suffered. Thus, this issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., SOUTHWICK, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. KING, C.J., IRVING, AND ROBERTS, JJ., CONCUR IN RESULT ONLY. LEE, P.J., NOT PARTICIPATING.