ISHEE, J.,
for the Court.
¶ 1. Lucy Bester filed suit on behalf of her minor child, Angela J. Bester, and Annie Williams filed suit as next Mend of the minor child, Latreda S. Williams (collectively referred to as Bester), against Glenn Clark d/b/a Clark Texaco (Clark) in the Circuit Court of Noxubee County, ah leging defamation, false imprisonment, intentional and/or negligent infliction of emotional distress, and negligent investigation. The circuit court granted Clark’s motion for summary judgment. Aggrieved, Bes-ter appeals, asserting the following issue *1191 for this Court’s review: whether the trial court erred in granting summary judgment on a finding that there existed no genuine issue of material fact. Finding no error, we affirm.
FACTS
¶2. On October 10, 2003, Glenn Clark, the sole proprietor of Clark Texaco, a full-service gas station, left his employee, Harold Mackie, in charge of the station. While Mackie was pumping gas into Robert Jenkins’s car, Angela and Latreda, who were both sixteen years old, pulled up to the gas station in a truck. Angela asked Mackie to pump gas into the truck that she was driving. Before Mackie had finished pumping gas into Angela’s truck, Latreda told Mackie that she wanted to purchase some snacks from inside Clark Texaco. Mackie stopped pumping gas and escorted Angela and Latreda into the store. Two young boys, Cedracus and Patrick Brown, also went into the store. After the girls selected their snacks, Mackie filled out a charge ticket for Angela to sign, as her mother had a charge account with Clark Texaco. Angela signed the charge ticket, and Mackie, Angela, and Latreda exited the store. Mackie then finished pumping Angela’s gas and the girls drove away.
¶ 3. After Angela and Latreda drove away, Jenkins went inside the gas station to pay Mackie for his gas. When Mackie opened the cash register to deposit Jenkins’s money, he noticed that the inside of the cash register, which was full minutes earlier, was now empty except for one-dollar bills. Mackie subsequently called Clark and informed him that someone had “cleaned out the cash register.” Mackie then called 911 and told the operator that the Clark Texaco had been robbed. When the police arrived, Mackie told them that he thought the robbery was committed by Angela and Latreda. Consequently, the police officers drove with Mackie in a police cruiser to Angela’s house. The sheriff arrived at Angela’s house shortly thereafter.
¶ 4. Police Officer Randy Dixon informed Angela and Latreda that Clark Texaco had been robbed and asked them whether they had anything to do with it. After the girls denied any involvement, Officer Dixon asked Angela’s mother to bring the girls to the police station to give a written statement. Consequently, Angela’s aunt took the girls to the police station.
¶ 5. At the police station, Angela and Latreda gave written statements in the presence of Officer Dixon and Angela’s aunt. Angela and Latreda were never told that they were arrested, nor were they threatened with arrest. After Angela’s aunt co-signed Latreda’s statement and Angela’s mother co-signed Angela’s statement, the girls were allowed to leave the police station. The entire process took less than an hour. The police never questioned Angela or Latreda again and no charges were filed against them.
¶ 6. Angela and Latreda were questioned by schoolmates about the incident that took place on October 10. Both of the girls testified during deposition that, as a result of the humiliation and questioning, they sought counseling and eventually checked into the same overnight treatment center for depression.
¶ 7. On January 9, 2004, Bester filed suit against Clark in the Circuit Court of Nox-ubee County, alleging compensatory and punitive damages for defamation, false imprisonment, intentional and/or negligent infliction of emotional distress, and negligent investigation. On May 19, 2005, Clark filed a motion for summary judgment or, in the alternative, a motion to dismiss. A hearing on the motion was *1192 held, and on September 30, 2005, the circuit court granted Clark’s motion for summary judgment, finding that no genuine issue of material fact existed. Aggrieved, Bester appeals.
STANDARD OF REVIEW
¶ 8. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss.1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Jacox, 908 So.2d at 183(¶ 4) (citing Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906-07(¶3) (Miss.Ct.App.2001)). Pursuant to Rule 56(c), summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.” The evidence must be viewed in the light most favorable to the non-moving party. Jacox, 908 So.2d at 184(¶ 4) (citing Dailey, 790 So.2d at 907(3)).
ISSUE AND ANALYSIS
I. Whether the trial court erred in granting summary judgment on a finding that there existed no genuine issue of material fact.
¶ 9. Bester asserts that the court erred in granting summary judgment because the following genuine issues of material fact existed: (1) whether Angela and La-treda were ever inside Clark’s station alone whereby they could take money from his cash register; (2) whether another customer, identified by Angela and Latreda as a heavy set ■ white man, was alone in Clark’s station when Angela, Latreda, and Mackie entered the station prior to Mackie discovering the missing money; (3) whether the heavy set white man remained in the service station alone after Angela, La-treda, and Mackie exited the station; (4) whether Robert Jenkins took the alleged money from Clark’s cash register; (5) whether “the Brown boys” took the alleged money from the cash register; (6) whether Clark, through his agent, Mackie, acted negligently when making accusations against Angela and Latreda; (7) whether Angela and Latreda suffered damages. Although Bester notes the aforementioned genuine issues of material fact, Bester does not elaborate on them. Instead, Bes-ter’s argument focuses on Mackie’s communication with police officers, as Bester asserts that Mackie was grossly negligent in his communication with law enforcement. Bester maintains that Mackie was dishonest and exercised bad faith in pointing the finger at Angela and Latreda because he testified that he “[did not] really know who took the money out of the cash register but they [were] the only ones on the premises.”
¶ 10. Regarding Bester’s assertion that Mackie communicated with the police in bad faith, the principle is well established that “[a] citizen has a privilege to start the criminal law into action by complaints to the proper officials so long as one acts either in good faith, i.e., for a legitimate purpose, or with reasonable grounds to believe that the person proceeded against may be guilty of the offense charged.” Downtown Grill, Inc. v. Connell, 721 So.2d 1113, 1117(¶ 8) (Miss.1998) (citing Benjamin v. Hooper Elec. Supply Co., 568 So.2d 1182, 1187 (Miss.1990)). Furthermore, “communications which would otherwise be defamatory are protected as privileged if they are made in good faith in the prosecution of any inquiry regarding a crime which has been com *1193 mitted.” Id. (citations omitted). If an individual is subjected to criminal proceedings that were instigated out of malice, then that individual is entitled to recover compensation for his losses. Downtown Grill, 721 So.2d at 1117(¶ 11) (citing Owens v. Kroger Co., 430 So.2d 843, 846 (Miss. 1983)). When a citizen “merely states what is believed” to prosecuting authorities and leaves “the decision to prosecute entirely to the uncontrolled discretion of the officer” then the citizen has not instigated a criminal proceeding. Id. (citing W. Page Keeton et al., Prosser and Keeton, on the Law of Torts § 119 at 872-73 (5th ed.1984)).
¶ 11. The record reveals that Bes-ter failed to establish that Mackie acted with malice when he informed the police that the store was robbed and that he thought Angela and Latreda were responsible. Mackie testified during deposition that he gave a written statement to the police when they arrived at the gas station. Mackie further testified that he did not identify Angela or Latreda or anyone else in the statement, as he only stated that the store had been robbed and that money had been taken out of the register. Although Mackie did tell the police that he thought Angela and Latreda had taken the money, nothing in the record suggests that Mackie did not have a reasonable basis for making the assertion, or that he knew the assertion to be false. Consequently, we find Bester failed to establish that Mackie acted in bad faith and that his communication with the police officers was not privileged. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY GRANTING THE MOTION FOR SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ROBERTS AND CARLTON, JJ„ CONCUR. BARNES, J., NOT PARTICIPATING.