MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Wallace McCullar filed a premises-liability lawsuit in the Tunica County Circuit Court against Boyd Tunica, Inc. d/b/a Sam’s Town Casino and Gambling Hall. This case arose after McCullar’s wife, Mary Frances McCullar (“Frances”), slipped and fell in the bathroom of their hotel room at the casino. The circuit court granted summary judgment in favor of Sam’s Town. Because we find McCullar fails to show the existence of any genuine issue of material fact on the issue of Sam’s Town’s negligence, we affii-m the circuit court’s grant of summary judgment.
 

 FACTS
 

 ¶ 2. On November 24, 2003, McCullar, Frances, and Billie Ruth McCullar (“Ruth”) shared a hotel room at Sam’s Town Casino in Tunica, Mississippi. McCullar and Ruth had both used the shower that morning and noticed no problem with the bathroom facilities. Later that morning, McCullar helped Frances to the bathroom. He assisted in seating her on the toilet, then left the bathroom.
 

 ¶ 3. It is undisputed that water suddenly flowed down from the ceiling above the bathtub. After the water began leaking, Frances fell 'to the floor and suffered a broken hip. She was hospitalized and ultimately died several months later.
 

 ¶ 4. According to McCullar’s deposition testimony, he heard water running in the bathroom and then heard his wife call for him. When he returned to the bathroom, he found Frances on the floor. At this point, he saw water on the floor but was unsure whether her fall resulted from the water. He admitted he did not see his wife fall.
 

 ¶ 5. Ruth’s deposition differed somewhat from McCullar’s. She claimed she observed McCullar attempt to help Frances
 
 *1011
 
 get off of the toilet. Ruth testified that she saw Frances fall to the floor while McCullar tried to assist her.
 

 ¶ 6. John Logwood — a Sam’s Town employee who repaired plumbing problems— examined the plumbing in the McCullars’ bathroom soon after the incident. Log-wood’s affidavit indicates that above the bathtub is a removable panel in the ceiling called a “P-trap door.” When he inspected the plumbing behind this removable panel, he noticed water leaking down the side of a pipe called a “P trap.” He claimed dripping water fell into the middle of the bathtub in the McCullars’ bathroom. He believed the source of the leak was a broken seal where the top of the “P-trap” connects to the bathtub drain in the hotel room directly above the McCullars’ room.
 

 ¶ 7. A corporate representative of Sam’s Town, Greg Lacki, testified by deposition about Sam’s Town’s maintenance procedures. He claimed he did not know whether the plumbing that leaked into the ceiling above the McCullars’ bathroom had been inspected or repaired on any prior occasion. He testified that Sam’s Town conducts an annual inspection, but he was unsure whether the plumbing in the bathroom ceilings is inspected routinely.
 

 ¶ 8. McCullar filed a wrongful-death suit against Sam’s Town, and Sam’s Town moved for summary judgment. The circuit court found McCullar failed to show Sam’s Town had actual or constructive notice of a dangerous condition, or that any such condition proximately caused Frances’s injury. Accordingly, the circuit court granted summary judgment in Sam’s Town’s favor, which McCullar now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 9. We conduct a de novo review of a trial court’s grant or denial of a motion for summary judgment.
 
 Lewallen v. Slawson,
 
 822 So.2d 236, 237 (¶ 6) (Miss.2002) (citation omitted). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). In determining whether the trial court properly granted summary judgment, we view the facts in the light most favorable to the nonmovant.
 
 Robinson v. Singing River Hosp. Sys.,
 
 732 So.2d 204, 207 (¶ 12) (Miss.1999) (citation omitted).
 

 ¶ 10. Summary judgment must be granted when the nonmoving party “fails to make a showing sufficient to establish the existence of an element essential to his case and on which he bears the burden of proof at trial.”
 
 Borne v. Dunlop Tire Corp.,
 
 12 So.3d 565, 570 (¶ 16) (Miss.Ct.App.2009) (citing
 
 Grisham v. John Q. Long V.F.W. Post, No. 1057, Inc.,
 
 519 So.2d 413, 416 (Miss.1988)). To withstand summary judgment, the nonmoving party must produce significant probative evidence of a genuine issue for trial.
 
 Id.
 
 (citing
 
 Price v. Purdue Pharm. Co.,
 
 920 So.2d 479, 485 (¶ 16) (Miss.2006)).
 

 DISCUSSION
 

 ¶ 11. In a premises-liability action, the plaintiff must prove the familiar elements of duty, breach of duty, proximate cause, and damages in order to establish a prima facie case.
 
 Crain v. Cleveland Lodge 1532, Order of Moose, Inc.,
 
 641 So.2d 1186, 1189 (Miss.1994). To survive summary judgment, the party with the burden of proof must show a genuine issue of material fact exists as to every element of his claim.
 
 See Davis v. Christian Bhd. Homes of Jackson, Miss., Inc.,
 
 957 So.2d 390, 398-99 (¶ 16) (Miss.Ct.App.2007). Here we find McCullar offered insufficient proof of Sam’s Town’s negligence. Since
 
 *1012
 
 failure of proof on a single element is fatal to McCullar’s action, we need not discuss the remaining elements.
 

 I. Sam’s Town’s Negligence
 

 ¶ 12. A business owner’s duty depends on the plaintiffs status as an invitee, licensee, or trespasser.
 
 See Leffler v. Sharp,
 
 891 So.2d 152, 156-57 (¶¶ 11-12) (Miss.2004) The duty owed to a licensee or trespasser is the same — to refrain from inflicting a willful or wanton injury.
 
 Id.
 
 at 157 (¶ 12). With respect to an invitee, the duty is higher, and the owner is required “to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or [to] warn of dangerous conditions not readily apparent, which [the] owner ... knows of, or should know of, in the exercise of reasonable care.”
 
 Robinson v. Ratliff,
 
 757 So.2d 1098, 1101 (¶8) (Miss.Ct.App.2000) (quoting
 
 Fulton v. Robinson Ind.,
 
 664 So.2d 170, 175 (Miss.1995)). It is undisputed that McCullar was an invitee.
 

 ¶ 13. In every premises-liability case, the plaintiff must show that a dangerous condition exists.
 
 Stanley v. Boyd Tunica, Inc.,
 
 29 So.3d 95, 97-98 (¶ 10) (Miss.Ct.App.2010) (citing
 
 Delmont v. Harrison County Sch. Dist.,
 
 944 So.2d 131, 133 (¶ 5) (Miss.Ct.App.2006)). The plaintiff must also show: (1) a negligent act by the defendant caused the dangerous condition; or (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition remained long enough to provide the defendant with constructive knowledge.
 
 Jacox v. Circus Circus Miss., Inc.,
 
 908 So.2d 181, 184-85 (¶ 7) (Miss.Ct.App.2005) (citing
 
 Munford, Inc. v. Fleming,
 
 597 So.2d 1282, 1284 (Miss.1992)).
 

 ¶ 14. Business owners are not strictly liable for injuries occurring on the premises, nor are they insurers of their invitees’ safety.
 
 Martin v. Rankin Circle Apartments,
 
 941 So.2d 854, 864 (¶ 45) (Miss.Ct.App.2006). And mere proof that a slip and fall occurred “is insufficient to show negligence on the part of the proprietor[.]”
 
 Jacox,
 
 908 So.2d at 184 (¶7) (quoting
 
 Sears, Roebuck & Co. v. Tisdale,
 
 185 So.2d 916, 917 (Miss.1966)).
 

 ¶ 15. We note that McCullar does not contend Sam’s Town had actual or constructive knowledge of a dangerous condition in the hotel bathroom or in the related plumbing system. McCullar instead focuses on Sam’s Town’s alleged negligence in creating the condition he alleges caused Frances to fall. He specifically claims Sam’s Town failed to properly inspect, maintain, and/or construct the bathroom facilities in the McCullars’ room.
 

 ¶ 16. Actual or constructive knowledge of a dangerous condition is not a required element of proof in a premises-liability case where a business owner’s negligence caused the danger.
 
 Elston v. Circus Circus Miss., Inc.,
 
 908 So.2d 771, 773 (¶ 9) (Miss.Ct.App.2005) (citing
 
 Brennan v. Kroger Co.,
 
 672 So.2d 1168, 1171 (Miss.1996));
 
 see also Jacox,
 
 908 So.2d at 184-85 (¶ 7). But here we find McCullar fails to raise a jury question regarding Sam’s Town’s negligence in creating the allegedly dangerous condition.
 

 ¶ 17. McCullar relies on our prior decision in
 
 Elston,
 
 in which the plaintiff suffered an injury when she slipped and fell in a puddle of water on the floor in the lobby of the Gold Strike Casino.
 
 Elston,
 
 908 So.2d at 773 (¶ 3). She fell within the “immediate vicinity of some plants and within ten feet of the front desk.”
 
 Id.
 
 According to a casino bellman, the fall occurred within several hours of the time when the plants were usually watered.
 
 Id.
 
 at (¶ 5). In addition, the casino had various procedures in place to make sure there
 
 *1013
 
 were no spills on the lobby floor. It retained two employees for the specific purpose of ensuring no water or debris was on the lobby floor.
 
 Id.
 
 at 773 (¶ 10). Corporate procedures required these employees to walk the entire lobby floor twice an hour to check for spills or debris.
 
 Id.
 
 And all employees, regardless of position, were required to clean spills on the lobby floor.
 
 Id.
 
 Under these circumstances, this Court found the “evidence [was] beyond speculation and sufficient for a jury to conclude that ... Elston’s injury was caused by a dangerous condition that Gold Strike created.”
 
 Id.
 
 at 774 (¶ 12). Since there was sufficient proof the spill had been on the floor for at least several hours prior to the plaintiffs fall, this Court also found a jury question existed as to Gold Strike’s constructive knowledge of the spill.
 
 Id.
 
 at 775 (¶14).
 

 ¶ 18. In
 
 Elston,
 
 there was ample evidence that casino employees created the dangerous condition by watering plants in the hotel lobby. But here there is no evidence of an affirmative act by Sam’s Town that created a dangerous condition. The water leaked from the plumbing above a ceiling panel in the McCullars’ bathroom, and McCullar presented no evidence to show that Sam’s Town had prior notice of the leak. Nor did he show any act by Sam’s Town that caused the leak. Further, unlike
 
 Elston,
 
 McCullar presented no evidence that Sam’s Town had violated its internal procedures regarding maintenance or inspection. And here the injury did not occur in an open hotel lobby. Instead, it took place in a bathroom where employees obviously were neither present nor instructed to monitor continuously.
 

 ¶ 19. We find
 
 Jacox
 
 instructive. In
 
 Jacox,
 
 the plaintiff alleged he suffered an injury while using the public restroom at the Gold Strike Casino.
 
 Jacox,
 
 908 So.2d at 183 (¶ 2). When he flushed the toilet, the toilet rapidly overflowed, and according to the plaintiff, he fell on the slippery floor.
 
 Id.
 
 The plaintiff offered no evidence that Gold Strike or its employees caused the toilet to overflow.
 
 Id.
 
 at 185 (¶ 9). There was also no evidence of actual or constructive notice of a dangerous condition, as the plaintiff admitted he had noticed no problem with the toilet prior to its overflowing.
 
 Id.
 
 Under these circumstances, this Court found the plaintiff had not shown that “Gold Strike fell below any recognized standard of care in its maintenance or cleaning of its bathroom.”
 
 Id.
 
 We also noted he presented insufficient proof of damages.
 
 Id.
 
 Under these circumstances, we found the trial court properly granted summary judgment.
 
 Id.
 
 at (¶ 10).
 

 ¶ 20. As in
 
 Jacox,
 
 McCullar has not shown that plumbing deficiencies existed prior to the time Frances used the bathroom. Both McCullar and Ruth had used the shower that morning and had not noticed any problem with the plumbing above the bathtub. Since the evidence indicates the leak occurred unexpectedly and spontaneously from an area above a ceiling panel, we find Sam’s Town had no actual or constructive knowledge of a dangerous condition. And because McCullar did not show that Sam’s Town or anyone under its control caused or contributed to the plumbing problem, he fails to raise a jury question as to Sam’s Town’s negligence in creating a dangerous condition.
 

 II. Circumstantial Evidence
 

 ¶ 21. McCullar asserts that circumstantial evidence exists that Sam’s Town failed to inspect and maintain the plumbing in the bathroom ceiling. Sam’s Town responds that McCullar improperly attempts to invoke the doctrine of res ipsa loquitur.
 

 
 *1014
 
 ¶ 22. Res ipsa loquitur, meaning literally “the thing speaks for itself,” is a circumstantial-evidence doctrine allowing the jury to draw an inference of the defendant’s negligence.
 
 Austin v. Baptist Mem’l Hosp.-N. Miss.,
 
 768 So.2d 929, 932 (¶ 10) (Miss.Ct.App.2000). It is “one form of circumstantial evidence a plaintiff may rely on in certain circumstances.”
 
 Id.
 
 However, our supreme court has held that the doctrine does not apply in slip-and-fall cases.
 
 Douglas v. Great Atl. & Pac. Tea Co.,
 
 405 So.2d 107, 111 (Miss.1981) (“[W]e recognize the well settled rule which disallows the application of the doctrine of res ipsa loquitur to slip and fall cases.”);
 
 see also Jacox,
 
 908 So.2d at 184 (¶ 7) (quoting
 
 Tisdale,
 
 185 So.2d at 917) (“[T]he doctrine of res ipsa loquitur is inapplicable in cases of this kind”).
 

 ¶ 23. But in the context of a slip-and-fall case, we have stated: “Negligence of the defendant and notice to him may be found from circumstantial evidence of adequate probative value.”
 
 Elston,
 
 908 So.2d at 775 (¶ 16). In other words, “the plaintiff may prove circumstances from which the jury might [reasonably conclude] that the condition of the floor was one which was traceable to the proprietor’s own act or omission.”
 
 Id.
 
 (quoting
 
 Winn-Dixie Supermarkets v. Hughes,
 
 247 Miss. 575, 585, 156 So.2d 734, 736 (1963)). Our supreme court has explained that:
 

 [W]hile inferences of negligence may be drawn from circumstantial evidence, those inferences must be the only ones which reasonably could be drawn from the evidence presented, and if the circumstantial evidence presented lends itself equally to several conflicting inferences, the trier of fact is not permitted to select the inference it prefers, since to do so would be the equivalent of engaging in pure speculation about the facts.
 

 Miss. Valley Gas Co. v. Estate of Walker,
 
 725 So.2d 139, 145 (Miss.1998),
 
 implied oven’uling on other grounds recognized by Adams v. U.S. Homecrafters, Inc.,
 
 744 So.2d 736 (Miss.1999).
 

 ¶ 24. McCullar emphasizes Lacki’s testimony that he did not know whether the plumbing in the McCullars’ bathroom had been previously inspected or repaired. Though Lacki testified that Sam’s Town conducted an annual inspection, he was uncertain whether the inspection entailed checking the plumbing in the bathroom ceilings. So it is unclear whether Sam’s Town inspected the plumbing on prior occasions. But regardless, McCullar offered no expert testimony to show what Sam’s Town should have done — for example, what type of inspection it should have performed — to keep the plumbing in its hotel bathrooms in a reasonably safe condition for its patrons. McCullar made no attempt to articulate the standard of care regarding inspection or maintenance of hotel bathrooms. And it follows that there has been no showing as to how Sam’s Town’s inspection practices deviated from the applicable standard of care. Equally lacking is proof as to what an inspection might have revealed. Under these circumstances, we cannot find that McCullar presented circumstantial evidence of adequate probative value to survive summary judgment.
 

 CONCLUSION
 

 ¶ 25. We find that no genuine issue of material fact exists as to Sam’s Town’s negligence. McCullar has failed to show an element essential to his case — that Sam’s Town breached its duty. Nor did he show that Sam’s Town had actual or constructive knowledge of a dangerous condition or that Sam’s Town’s negligence created any such condition. Accordingly, we affirm the circuit court’s grant of summary judgment in favor of Sam’s Town.
 

 
 *1015
 
 ¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.