ROBERTS, J.,
for the Court:
¶ 1. On January 12, 2009, Bernadine Cotton filed a complaint in the Hinds County Circuit Court against Fred’s Dollar Store Inc., Fred’s Stores of Tennessee Inc., XYZ Corporation, and John Doe, individually (collectively Fred’s), alleging injuries from a slip and fall in a Fred’s store in Hinds County.[1] On February 16, 2010, Fred’s filed a motion for summary judgment, and the circuit court granted that motion on June 23, 2010. Aggrieved by the circuit court’s grant of summary judgment, Cotton filed the present appeal asking this Court to determine if Fred’s had constructive knowledge of the existence of a hazardous condition on the floor yet failed to warn of or remedy that condition. Finding that no genuine issue of material fact exists, we affirm the circuit court’s grant of summary judgment in favor of Fred’s.
*142 FACTS AND PROCEDURAL HISTORY
¶ 2. On January 14, 2006, Cotton was shopping at a Fred’s store in Clinton, Mississippi, when she allegedly slipped and fell. According to Cotton’s deposition, the cause of her fall was a “black liquid substance” that looked like “dirty water” corning from underneath a cooler and spreading down the store aisle. She also explained that the liquid “was like it was drying out, ... [and] it would run but it would turn black[.]” Almost three years later, Cotton filed a complaint in the circuit court alleging that Fred’s was negligent for failing to “maintain the premises in a reasonably safe condition, ... [ and failing] to warn of this unsafe condition[.]” Additionally, she claimed that Fred’s failed to properly train and supervise its employees to ensure that the premises were maintained in a reasonably safe condition.
¶ 3. On February 16, 2010, Fred’s filed its motion for summary judgment. In its motion, Fred’s argued that Cotton had failed to prove that it caused the allegedly hazardous condition, that it had actual knowledge of the allegedly hazardous condition and failed to warn about or remedy the condition, or that it had constructive knowledge of the allegedly hazardous condition. Cotton filed her response opposing the motion for summary judgment. The circuit court ultimately granted the motion on June 23, 2010. In granting the motion, the circuit court found that Cotton had “failed to bring forth any evidence that creates a genuine issue of material fact as to the alleged negligence of Fred’s.” According to the circuit court, in Cotton’s response to the motion for summary judgment, she “simply speculates that the ‘hazardous substance’ could have been a leaking cooler or leaking roof, and speculation as to what may have happened does not suffice as evidence of negligence.”
¶ 4. Cotton filed the current appeal on October 21, 2011. Her sole argument on appeal is: “Whether the [circuit court] ... erred in granting the [m]otion for [s]um-mary [j]udgment ... despite the fact that Fred’s had constructive notice of a hazardous condition on its premises yet failed to correct and/or warn of the same.”
ANALYSIS
¶ 5. The standard of review this Court utilizes when reviewing a circuit court’s grant or denial of a motion for summary judgment is de novo and views the evidence in a light most favorable to the non-moving party. Karpinsky v. American Nat’l Ins. Co., 109 So.3d 84, 88 (¶ 9) (Miss. 2013) (citation omitted). In its recent decision in Karpinsky, the Mississippi Supreme Court clarified the summary-judgment standard. According to the supreme court, “[s]ummary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on filed, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]” Id. at (¶ 10). It further explained that “[t]he movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law.” Id. at (¶ 11) (citation omitted). Further, “[t]he movant bears the burden of production, if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial.” Id. at 88-89 (¶ 11) (citations omitted). Specifically, in premises liability cases, “Mississippi law further requires that when a dangerous condition exists that was ‘created by someone not associated with the business, the plaintiff must produce evidence that the owner or opera *143 tor had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it.’ ” Id. at (¶ 12) (quoting Miller v. R.B. Wall Oil Co., 970 So.2d 127, 132 (¶ 17) (Miss.2007). The supreme court again clarified that “while [defendants carry the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, [the plaintiff] carries the burden of producing sufficient evidence of the essential elements of her claim at the summary-judgment stage, as [he] would carry the burden of production at trial.” Id. at (¶ 13).
¶ 6. Both parties agree that Cotton’s status at the time she allegedly fell was that of a business invitee. In a premises-liability case, the plaintiff must establish one of the following: that the premises owner caused or created a hazardous condition, that the premises owner had actual knowledge of the hazardous condition but failed to warn or remedy the condition, or that the hazardous condition existed long enough to impute constructive knowledge to the premises owner. Downs v. Choo, 656 So.2d 84, 86 (Miss.1995) (citations omitted). Constructive knowledge may be imputed by showing the length of time the hazardous condition existed prior to the fall. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss.1986).
¶ 7. In Jacox v. Circus Circus Mississippi, Inc., 908 So.2d 181, 184 (¶ 6) (Miss.Ct.App.2005), this Court reiterated the well-settled principle that “bare allegations cannot defeat a motion for summary judgment.” Willie Jacox was injured in a casino bathroom when his toilet overflowed and he slipped on the water that had been spilled on the floor. Id. at 183 (¶ 2). This Court affirmed the circuit court’s grant of the casino’s motion for summary judgment because Jacox had failed to prove that the casino had constructive knowledge of any dangerous condition in the bathroom. Id. at 185 (¶ 9). In constructive-knowledge cases, a plaintiff opposing summary judgment “must produce admissible evidence of the length of time that the hazard existed!,] and the court will indulge no presumptions to compensate for any deficiencies in the plaintiffs evidence as to the time period.” Id. at 185 (¶ 8) (citation omitted).
¶ 8. Cotton contends that she put forth sufficient evidence in her deposition to show that Fred’s had constructive knowledge of the spill. Some statements she made during her deposition were inconsistent with other statements she made in her deposition, arguments she made in opposition to summary judgment, and arguments she makes on appeal. To demonstrate Fred’s constructive knowledge of the spill, she argues that the spill had been on the floor so long ■ that it was dirty because other customers had tracked dirt and debris though the spill; however, her sworn testimony from her deposition was that the substance was already dirty or black as it leaked out from under the cooler. Next, she stated in her deposition that the substance was coming from underneath the cooler and was spreading down the aisle. But she also stated that it had already dried in certain parts, leaving behind a black residue. The latter statement would support a finding that the spill had been there for a longer period of time; whereas, the former- statement supports a finding that the spill was ongoing and much more recent. Her own inconsistent statements about the incident, particularly the length of time the hazardous condition had been present, do not support a finding that the summary-judgment motion should have been denied.
¶ 9. Further, Ollie Smith, Fred’s store manager at the time of the alleged inci *144 dent, stated in his deposition that he had never personally seen any liquid come from underneath the cooler, nor did any of his employees or other customers report an issue with the cooler on that day or any other day. His affidavit also states that it is the practice of Fred’s employees to continually inspect the aisles for potential hazards. Hubert Maxie, the assistant manager at Fred’s, was also deposed, and he stated that he had never seen the cooler leak. But he elaborated that the roof in that area of the store leaked when it was raining heavily. However, no evidence was presented that it was raining heavily any day immediately before the incident or on the day of the incident.
¶ 10. We find the evidence submitted by Cotton to be insufficient to create a genuine issue of material fact. Just like in Jacox, Cotton did not provide any consistent evidence that Fred’s had constructive knowledge of the hazardous condition before the incident occurred. Specifically, she failed to show that the dirty water near the cooler had been there a sufficient length of time as to impute constructive knowledge of its existence to Fred’s. As explained above, the evidence she submitted as to the length of time the substance could have been on the floor was inconsistent. She claims that the substance was coming from underneath the cooler, yet she presented no specific evidence that Fred’s had knowledge there had been a problem with this cooler leaking before or after the incident. She also claims that the source of the substance could have been from the roof leak, but she again fails to provide any evidence that it was raining any day immediately before or on the day of the incident. Finding that there is no genuine issue of material fact, we affirm that circuit court’s grant of summary judgment.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Her complaint was later amended to remove Fred’s Dollar Store as a party since it does not exist as an entity.