IRVING, P.J.,
for the Court:
¶ 1. This appeal arises from a civil case filed by Yolanda Knox and the members of her family who constitute the wrongful-death heirs of three individuals who were killed in a car accident (collectively referred to as the Knoxes). The Knoxes filed their complaint in the Washington County Circuit Court against Russell Ma- *328 halite, doing business as Magnolia Plantation. Mahalite filed a motion for summary judgment, which the circuit court granted. Feeling aggrieved, the Knoxes appeal and assert that the granting of summary judgment was in error for the following reasons: (1) they had viable claims that were not considered by the circuit court; (2) Mahalite had a duty to properly equip and maintain the trailer that Yolanda collided with; (3) they presented sufficient evidence to defeat Mahalitc’s motion for summary judgment; and (4) they had a viable jury question regarding whether Mahalite was negligent. We consider these contentions as the single issue of whether summary judgment was appropriate.
¶ 2. Finding no reversible error, we affirm the circuit court’s judgment.
FACTS
¶ 3. On October 7, 2006, Yolanda was driving a vehicle on Highway 16 in Is-saquena County, Mississippi, when she rear-ended a tractor trailer driven by David McCoy. McCoy had initiated a turn off of the highway and had almost cleared the highway at the time of the accident. From the record, it appears that Yolanda did not see the trailer until immediately before she collided with it; therefore, she was going at a high rate of speed at the time of the impact and did not have time to brake before hitting McCoy’s trailer. Yolanda’s mother, sister, and daughter were killed in the accident. Mahalite owned the trailer and had loaned it to GM Farms, McCoy’s employer. GM Farms is not affiliated with Mahalite in any way. The Knoxes sued Mahalite, initially alleging that he was responsible for the accident as McCoy’s employer. The complaint also alleged that Mahalite was liable as the actual owner of the trailer for failing to outfit the trailer with the proper safety equipment, such as functioning taillights and reflectors. After it became apparent that McCoy was not Mahalitc’s employee, the Knoxes abandoned the portion of their complaint that attempted to hold Mahalite liable under the doctrine of respondeat superior.
¶ 4. Mahalite filed a motion for summary judgment, alleging that he was not liable for the accident. The Knoxes submitted two color photographs in opposition to the motion for summary judgment. After a hearing, the circuit court found in Mahal-ite’s favor.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. We review a grant of summary judgment under a de novo standard of review. Buckel v. Chaney, 47 So.3d 148, 152 (¶ 9) (Miss.2010). The burden of proof and conditions under which summary judgment is appropriate are well established:
The party requesting summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. Watson Quality Ford, Inc. v. Casanova, 999 So.2d 830, 833 [(¶ 7)] (Miss.2008). When the moving party has supported its motion in accordance with Mississippi Rule of Civil Procedure 56, “an adverse party may not rest upon the mere allegations or denials of his pleadings; his response must set forth specific facts showing there is a genuine issue for trial.” Miss. R. Civ. P. 56(e). Moreover, summary judgment “is appropriate when the non-moving party has failed to ‘make a showing sufficient to establish the existence of an element essential to the party’s case, and on which that party will bear the burden of proof at trial.’ ” Watson Quality Ford, Inc., 999 So.2d at 83[3 (¶7)]. “Mere *329 general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment.” Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983).
Id. at 153 (¶ 10).
¶ 7. The Knoxes’ claims are based on theories of negligence. In order to prove negligence, a plaintiff must show “duty, breach, causation, and damages.” Duckworth v. Warren, 10 So.3d 433, 440 (¶ 23) (Miss.2009) (quoting Todd v. First Baptist Church of West Point, 993 So.2d 827, 829 (¶10) (Miss.2008)). However, even if a party is negligent, he is not hable to the plaintiff unless the negligence is “the proximate cause of the injury.” Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 466 (¶ 41) (Miss.2010) (citing Jones v. U.S. Fid. & Guar. Co., 822 So.2d 946, 948 (¶7) (Miss.2002)). “Proximate cause requires the fact finder to find that the negligence was both the cause in fact and the legal cause of the damage.” City of Jackson v. Spann, 4 So.3d 1029, 1033 (¶ 11) (Miss.2009) (citing Glover v. Jackson State Univ., 968 So.2d 1267, 1277 (¶ 31) (Miss.2007)).
¶ 8. The Knoxes filed their complaint against a number of entities, including Ma-halitc (as a representative of Magnolia Plantation), McCoy, “the entity ... who ... owned ... the commercial vehicle,” “the entity ... who ... maintained the commercial vehicle,” “the entity ... who ... equipped the commercial vehicle,” “the entity ... other than those described above whose negligence, wantonness, failure to act, breach of duty[,] or other wrongful conduct caused or contributed to the occurrence made [sic] the basis of Plaintiffs’ claims,” and “the entity ... who ... owned, leased[,] or rented the trailer....” The complaint addressed Mahalitc specifically, stating that he “does business as Magnolia Plantation.... Magnolia was the employer of McCoy on the occasion of the incident [sic] made the basis of this lawsuit.” The first allegation of the complaint stated that “McCoy, Magnolia[,] and various fictitiously described Defendants did wrongfully and negligently: ... maintain the commercial vehicle, including the equipment thereon, that was involved in the occurrence ...; equip the commercial vehicle that was involved ...; [and] violate Mississippi law....” Therefore, we note that the Knoxes’ complaint properly raised the question of whether Mahalitc, as the owner of the trailer, was negligent for failing to properly equip it. Likewise, Ma-halitc’s motion for summary judgment asked that summary judgment be granted “on all claims and in regards to all damages and relief sued for herein.” The circuit court granted summary judgment as to all claims advanced by the Knoxes.
¶ 9. The Knoxes presented little evidence in opposition to summary judgment, essentially only offering two color photographs. The photographs were offered without an accompanying affidavit. The condition of the photographs in the appellate record is too poor to make out any details; the Knoxes filed a motion requesting that the record be supplemented with the same color photographs that were submitted to the circuit court, but the circuit court denied that motion. The Knoxes have appealed that decision separately. The Knoxes contend that the photographs would show that the tractor trailer was not equipped with the proper lights and reflectors. After the motion for summary judgment was granted, the Knoxes filed a Rule 59 motion, urging reconsideration of the circuit court’s decision. Attached to this motion was a partial deposition transcript taken from Yolanda. The circuit court properly disregarded the deposition tran *330 script as evidence that was available prior to the summary judgment hearing.[1]
¶ 10. The Knoxes contend that the photographs alone should have been sufficient to overcome Mahalitc’s motion for summary judgment. The Knoxes argue that there is no reason why photographs cannot be sufficient to prove a genuine issue of material fact. However, the photographs presented by the Knoxes in this case do not prove a genuine issue of material fact. Even if the photographs were of sufficient quality for this Court to determine that the trailer in question lacked the proper equipment, the Knoxes have failed to show that the lack of proper equipment caused the accident. For the photographs to be sufficient to overcome summary judgment, they would have had to have shown both the lack of proper equipment and that the missing equipment caused the accident in question.
¶ 11. Both Mahalitc and the Knoxes have presented arguments regarding whether Mahalitc had a duty to properly equip the trailer. We note that there is authority supporting both positions. However, we find that we need not reach the question of whether Mahalitc had a duty to properly equip the trailer, because the Knoxes have failed to raise a genuine issue of material fact regarding whether the vehicle’s equipment (or lack thereof) was a proximate cause of the accident. No evidence whatsoever was presented to suggest that Yolanda would not have hit McCoy’s trailer had it been equipped differently. Even in the deposition excerpt that was presented with the Rule 59 motion, Yolanda never explained why she failed to see the trailer.
¶ 12. The Knoxes contend that causation is a factual matter that should have been heard by a jury. It is true that: “While duty and causation both involve foreseeability, duty is an issue of law, and causation is generally a matter for the jury.” Rein v. Benchmark Constr. Co., 865 So.2d 1134, 1143 (¶30) (Miss.2004) (quoting Donald v. Amoco Prod. Co., 735 So.2d 161, 174 (¶ 43) (Miss.1999)). However, a plaintiff must still produce a genuine issue of material fact regarding causation in order to reach a jury. For example, in Smith ex rel. Smith v. Clement, 983 So.2d 285, 290 (¶ 20) (Miss.2008), the Mississippi Supreme Court affirmed a grant of summary judgment upon finding that the plaintiff could not prove causation. See also Hubbard v. Wansley, 954 So.2d 951, 964-66 (¶¶ 42-50) (Miss.2007). The photographs in this case did nothing to prove causation. Therefore, summary judgment was properly granted.
¶ 13. In short, summary judgment was properly granted because the Knoxes did not present a genuine issue of material fact with regard to whether the condition of the trailer was a proximate cause of the accident. Therefore, whether Mahalitc had a duty to properly equip the trailer is moot. Accordingly, the circuit court’s judgment is affirmed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
*331 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Rule 59(e) of the Mississippi Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment. However, such a motion is proper only when there is: "(1) an intervening change in controlling law, (2) ... new evidence not previously available, [or] (3)[the] need to correct a clear error of law or prevent manifest injustice.” Bang v. Pittman, 749 So.2d 47, 52-53 (¶ 29) (Miss.1999) (overruled on other grounds) (citing Lockett v. Puckett, 988 F.Supp. 1019, 1021 (S.D.Miss.1997)).