# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00620-COA

**DARLENE WALZ**                                                                                 **APPELLANT**

**v.**

**HWCC-TUNICA, INC.**                                                                          **APPELLEE**

DATE OF JUDGMENT:                        04/15/2014
TRIAL JUDGE:                                     HON. JOHNNIE E. WALLS JR.
COURT FROM WHICH APPEALED:    TUNICA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         EDWARD P. CONNELL JR.
                                                          CORRIE SCHULER
ATTORNEY FOR APPELLEE:              ALFRED THOMAS TUCKER III
NATURE OF THE CASE:                     CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:            GRANTED APPELLEE'S MOTION FOR
                                                          SUMMARY JUDGMENT
DISPOSITION:                                   AFFIRMED
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Darlene Walz brought a personal-injury action against HWCC-Tunica, Inc. (HWCC), the owner of the Hollywood Casino and Hotel in Tunica County, Mississippi. The Tunica County Circuit Court granted HWCC's motion for summary judgment. Walz argues that the circuit court erred. We find no error and affirm.

## FACTS

¶2.     On October 25, 2010, around 5:30 p.m., Walz and her friend, Steve Bruck, checked into a hotel room at the Hollywood Casino. They planned to spend a few days in Tunica

gambling at several casinos in the area. After they checked in, they dropped their luggage in their room and headed out for dinner and gambling.

¶3. In the early morning hours of October 26, Walz and Bruck returned to the hotel room. According to Walz, as she was walking to turn on a light, she fell over the corner of the bed's box spring and sustained injuries. The next day, Walz saw a physician at a clinic in Tunica and alerted the hotel of the incident.

¶4. In December 2010, Walz filed a complaint against HWCC. She claimed that she incurred severe personal injuries as a business invitee while a guest at HWCC. Both parties commenced discovery, including a deposition of Alice Stapleton, who was allegedly the last individual who entered the room prior to Walz and Bruck. As a hotel employee, Stapleton inspected the room before it was cleared and rented to Walz. Stapleton stated that the bed was properly on the frame during her inspection. Yet Walz maintained that neither she nor Bruck had gone far enough into the room to touch the bed before she fell.

¶5. HWCC filed a motion for summary judgment and argued that Walz had failed to offer proof that a dangerous condition existed at the time of the fall because the bed did not constitute a dangerous condition. HWCC also claimed that Walz failed to offer proof that it caused the dangerous condition if such a condition did exist. The circuit court granted the motion. Walz appeals.

**STANDARD OF REVIEW**

¶6. We review the grant of a motion for summary judgment de novo. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). The Court views the evidence in the light

2

most favorable to the party against whom the motion has been made. *Id.*

¶7.    Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. *Id*. at (¶10). The movant bears the initial burden of persuading the judge that no issue of material fact exists and that, as a matter of law, he is entitled to summary judgment based on the facts. *Id.* at (¶11). However, when the movant carries no burden of production at trial, he also carries no burden of production at the summary-judgment stage. *Id.* at 88-89 (¶13). When the non-moving party bears the burden of proof at trial, he carries the burden of producing sufficient evidence of the essential elements of his claim during the summary-judgment stage. *Id.* If the non-moving party fails to do so, summary judgment should be granted. *Id.* at 89 (¶13).

## DISCUSSION

### I.    *Dangerous Condition*

¶8.    Walz argues that there is a genuine issue of material fact in dispute. She claims that the factual differences between her statement and Stapleton's statement are sufficient to defeat summary judgment. Walz offered several depositions, Bruck's affidavit, a diagram of the hotel room, photographs of the mattress and box spring, and the hotel's policies and procedures. She also relies on circumstantial proof as to the causation of the alleged dangerous condition.

¶9.    To succeed in a premises-liability claim, the plaintiff must show: "(1) a negligent act

3

by the defendant caused the plaintiff's injury; or, (2) that the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Byrne v. Wal-Mart Stores Inc.*, 877 So. 2d 462, 465 (¶5) (Miss. Ct. App. 2003) (citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)). Each of these premises-liability claims requires that the party show a dangerous condition existed. *Garson v. Circus Circus Miss. Inc.*, 135 So. 3d 932, 934 (¶9) (Miss. Ct. App. 2014).

¶10. This Court has held that a plaintiff seeking damages for an injury allegedly sustained under similar circumstances related to a hotel bed did not present enough proof to survive summary judgment. *Id.* at 935 (¶10). This Court found that the plaintiff failed to prove that the bed was a dangerous condition, that the defendant caused a dangerous condition, or that the defendant had knowledge of any dangerous condition. *Id.* The only evidence as to the bed's condition came from the plaintiff's deposition and affidavit. *Id.*

¶11. Similar to *Garson*, there is a question about whether Walz established that there was a genuine issue of a material fact in dispute as to whether a dangerous condition existed. However, we do not consider whether a dangerous condition existed, because we find that Walz has failed to establish a genuine issue of a material fact in dispute as to the cause of the condition or the knowledge of HWCC.

      II.    *Circumstantial Evidence of Negligence*

¶12. Walz argues that this is where the circumstantial evidence steps in and allows her to proceed to trial. Walz relies on the doctrine of res ipsa loquitur, meaning "the thing speaks

for itself." *See McCullar v. Boyd Tunica Inc.*, 50 So. 3d 1009, 1014 (¶22) (Miss. Ct. App. 2010). This "circumstantial-evidence doctrine allow[s] the jury to draw an inference of the defendant's negligence." *Id.* The supreme court has explained this doctrine's application:

> [W]hile inferences of negligence may be drawn from circumstantial evidence, those inferences must be the only ones [that] reasonably could be drawn from the evidence presented, and if the circumstantial evidence presented lends itself equally to several conflicting inferences, the trier of fact is not permitted to select the inference it prefers, since to do so would be the equivalent of engaging in pure speculation about the facts. Where [a] plaintiff in a negligence action has only presented proof that the actual cause was one of a number of possibilities, to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated. Thus, when the evidence shows that it is just as likely that [the] accident might have occurred from causes other than [the] defendant's negligence, the inference that his negligence was the proximate cause may not be drawn.

*Miss. Valley Gas Co. v. Estate of Walker*, 725 So. 2d 139, 145-46 (¶21) (Miss. 1998), *implied overruling on other grounds recognized by Adams v. U.S. Homecrafters Inc.*, 744 So. 2d 736 (Miss. 1999).

¶13. Circumstantial evidence is sufficient when it leads to an inference of negligence on behalf of one party. But circumstantial evidence that still leaves many inferences available is not sufficient as proof for necessary elements of a claim. Accordingly, we reject Walz's argument and find that HWCC's negligence was not the only reasonable inference that could be drawn from the evidence presented.

¶14. When Walz fell, she and Bruck had just returned to their hotel room in the early morning hours after a long night of gambling. Furthermore, they had entered into the room at least twice before the fall occurred. Due to these circumstances, there are other reasonable inferences as to what caused Walz's fall. The circumstantial evidence surrounding the fall

5

does not lend itself entirely to negligence on the behalf of HWCC.

¶15. As a result, because Walz failed to show that HWCC caused a dangerous condition through negligence or that HWCC had knowledge of a dangerous condition, we find that summary judgment was appropriate. The evidence presented was not sufficient to create a genuine issue of material fact. We affirm.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., NOT PARTICIPATING.**