**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2016-CA-00637-COA**

DAVID MICHAEL LYON JR.                          APPELLANT/CROSS-
                                                                              APPELLEE

v.

BILLY MCGEE                                             APPELLEE/CROSS-
                                                                          APPELLANT

DATE OF JUDGMENT:                03/01/2016
TRIAL JUDGE:                           HON. L. BRELAND HILBURN
COURT FROM WHICH APPEALED: FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      PHILLIP LLOYD LONDEREE
ATTORNEY FOR APPELLEE:        PATRICK H. ZACHARY
NATURE OF THE CASE:              CIVIL - TORTS - OTHER THAN PERSONAL
                                                  INJURY AND PROPERTY DAMAGE
DISPOSITION:                            ON DIRECT APPEAL: AFFIRMED; ON
                                                  CROSS-APPEAL: AFFIRMED - 01/23/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     David Michael Lyon (Lyon) sued Billy McGee in the Forrest County Circuit Court

seeking damages for alienation of affection after Lyon and his former wife Emma Robin

(Robin) divorced.  Lyon claimed that McGee interfered with his marriage, causing Robin

to abandon the marriage and have an adulterous relationship with McGee.  Lyon discovered

the relationship in October 2013 – after the Lyons had separated and Robin had filed for

divorce, but before the divorce was final.  Discovery ensued, and McGee admitted to having

an affair with Robin commencing on October 4, 2013.  McGee filed a motion to dismiss, or

in the alternative, for summary judgment. McGee argued dismissal was proper because Lyon ultimately agreed to an irreconcilable-differences divorce, which was at odds with an alienation-of-affection claim. According to McGee, he could not have contributed to the end of the marriage under this form of divorce, as reconciliation of the Lyons was impossible. Further, McGee argued the defenses of issue preclusion and/or judicial or collateral estoppel barred relitigation of the grounds for divorce that an alienation-of-affection claim would create. Alternatively, McGee's motion said summary judgment was proper because there was no causal connection between McGee's conduct and any alleged loss by Lyon, because McGee's conduct with Robin occurred long after the Lyons' separation in July 2013. McGee claimed that he had no contact with Robin prior to this date.

¶2. The trial court granted McGee's motion for summary judgment, finding Lyon did not sufficiently respond to establish a genuine issue of material fact, i.e., that McGee was involved with Robin prior to their date of separation. Lyon filed a motion to reconsider, which was denied. Lyon timely appeals, and McGee cross-appeals.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶3. In April 2013, Robin initially asked Lyon for a divorce "out of the blue." Lyon was surprised, as he felt they "were living the American dream." On July 12, 2013, the Lyons decided to separate after a fourteen-year marriage that bore two children. On July 25, 2013, Robin filed for a divorce on the grounds of habitual cruel and inhuman treatment, or alternatively irreconcilable differences. On June 3, 2014, a Property Settlement and Child-Support Agreement, and judgment of divorce based on irreconcilable differences was

2

entered in the Perry County Chancery Court.

¶4.    On October 3, 2014, Lyon sued McGee for alienation of affection in the Forrest County Circuit Court, seeking one million dollars in actual damages. Lyon contended that McGee interfered with the Lyons' relationship and "destroyed the marriage and deprived [Lyon] of the affections of his former wife," and "but for" the intentional actions of McGee, Lyon would still be married. He claimed to discover the relationship in October 2013, after the couple had separated, but before they were divorced. He made the discovery through cellular-telephone records and McGee's spouse, who had put a recording device in McGee's vehicle.

¶5.    McGee answered Lyon's complaint, claiming that he and Robin had no relationship until "long after" the Lyons had separated and Robin had filed for divorce (July 12 and 25, 2013, respectively). As an affirmative defense, McGee stated there was thus no causal connection between any conduct by McGee and any loss claimed by Lyon. Further, McGee asserted there was no affection or consortium existing between the Lyons at the alleged date of his involvement with Robin. McGee also argued the claim was barred by issue preclusion and/or judicial estoppel because the divorce was based on irreconcilable differences and, therefore, McGee's conduct could not have ended the marriage.

¶6.    On January 20, 2016, McGee filed a motion to dismiss, or in the alternative, for summary judgment. McGee again argued collateral and/or judicial estoppel and issue preclusion barred the claim. McGee also argued, almost as an afterthought, that the timing of McGee and Robin's affair occurred long after the Lyons' separation. Therefore, McGee

reasoned that Lyon could not prove the causal-connection element of his claim – no conduct of McGee "caused the loss of affection or consortium" because the parties were already separated. McGee attached to his motion Lyon's complaint, his answer, the complaint for divorce, and the settlement agreement, but no sworn statements such as affidavits, depositions, or discovery materials. McGee's supporting brief focused on the estoppel arguments. Lyon filed a memorandum brief in opposition to the motion for summary judgment, only addressing McGee's judicial and collateral estoppel or issue preclusion arguments and, like McGee, did not address the causation/timing argument. Moreover, he did not attach any evidence to his memorandum brief. McGee filed a rebuttal memorandum brief, addressing both the estoppel and causation issues. He argued Lyon's claim was barred by his withdrawal of fault grounds and acceptance of an irreconcilable-differences divorce; thus, the causation element was not met. He attached a portion of Lyon's deposition wherein Lyon explained that Robin had agreed to his receiving sixty percent of the property division if he would agree to an irreconcilable-differences divorce instead of a divorce on the grounds of adultery.

¶7.    In February 2016, a hearing was held on McGee's motion for summary judgment, which the circuit judge took under advisement. Also addressed were two motions in limine filed by McGee and Lyon.[1] McGee sought to exclude voice recordings of conversations that he had with Robin. The circuit judge granted the motion as the voice recordings were obtained in violation of statutory law, but ruled he would hear further argument at an

---

[1] These motions were not included in the record.

4

appropriate time if the recordings became relevant. McGee also sought to exclude emails between his wife and Lyon about the voice recordings. The circuit judge found the emails would be prejudicial unless found relevant as to contact prior to October 2013. Further, McGee requested the court not mention "anything prior to October 2013," because in Lyon's deposition he responded in the negative when asked whether he had any proof of intimate contact between his wife and McGee prior to that date. The circuit judge stated that the motion was granted unless there was specific relevant evidence presented. Lyon also filed a motion in limine to exclude any evidence of a relationship between him and a third party after October 2013. That motion was granted.

¶8.     On March 1, 2016, the circuit judge entered an order granting summary judgment to McGee, focusing on the timing/causation argument. The circuit judge found Lyon did not establish that his wife and McGee had a relationship before July 12, 2013, the date the Lyons separated. The circuit judge pointed to Lyon's motion in limine, filed February 7, 2016, which the judge found only "partially responded" to McGee's motion for summary judgment. The judge explained that the motion in limine stated "that phone records obtained through depositions[2] clearly demonstrate a pattern of communication and behavior that support the existence of previous liaisons" between McGee and Robin. The circuit judge ruled that this response to the motion for summary judgment fell short of establishing a genuine issue of material fact that McGee was involved with Robin prior to July 12, 2013, the date of the marital separation. Therefore, McGee's motion was granted.

---

[2] Lyon notes that the order erroneously stated that the telephone records were obtained through deposition, instead of by subpoena.

¶9.     In response, Lyon moved for reconsideration. He argued that there were uncontested facts before the court that were sufficient to defeat summary judgment. Importantly, he argued that there was evidence the affair took place during the Lyons' attempts to reconcile. First, as stated in McGee's response to interrogatories confirming the affair, Lyon claimed the sexual relationship between McGee and Robin had existed at the latest in October 2013, when Lyon was attempting to reconcile his marriage, even though by then Robin had filed for divorce. Second, he claimed McGee took Robin into his home to cohabitate, ejecting his own wife. Third, Lyon stated telephone records show "sudden and dramatic" daily communication between McGee and Robin beginning in May 2013, before which there was no communication. Lyon also argued that McGee, in his motion for summary judgment, failed to meet his burden of showing a lack of genuine issue of material fact; he only mentioned facts pertaining to his procedural arguments of judicial and/or collateral estoppel. Moreover, Lyon noted that McGee did not support his claim with any evidence such as affidavits or discovery responses. Lyon attached numerous discovery documents to his motion to disprove McGee's claim, including over 500 pages of McGee's cellular-telephone records, and emails between Lyon and McGee's wife about the recording device put in McGee's vehicle to catch McGee and Robin "*inflagrante delicto*."

¶10.    McGee responded, again arguing that there was no causal connection for the claim because the only proof presented as to when the affair started was McGee's sworn interrogatory responses stating the affair began on October 4, 2013, long after the parties had separated. A hearing was held, and the circuit court ultimately denied Lyon's motion to

reconsider. Lyon appeals both rulings on the motion for summary judgment and motion to reconsider. McGee cross-appeals, arguing that if summary judgment is found improper, it should be affirmed based upon judicial estoppel.

## DISCUSSION

### I.  Summary Judgment

¶11.   The standard of review for a trial court's grant or denial of summary judgment is de novo. *Ill. Cent. R.R. Co. v. Jackson*, 179 So. 3d 1037, 1044 (¶16) (Miss. 2015). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting M.R.C.P. 56(c)). Evidence will be considered in the light most favorable to the nonmoving party. *Id.* The moving party has the burden of proving there is no genuine issue of material fact. *Id.* (citing *Hosemann v. Harris*, 163 So. 3d 263, 267 (¶9) (Miss. 2015)). Once shown, "the burden of rebuttal falls upon the non-moving party" to produce specific facts showing there is a genuine issue of material fact for trial. *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1213 (Miss. 1996) (citing M.R.C.P. 56(e)).

¶12.   McGee's motion focused on the estoppel bars, but secondarily addressed lack of proof for the causation element. Applying the judicial-estoppel doctrine to alienation-of-affection claims, the Mississippi Supreme Court has stated "a party cannot assume a position at one stage of a proceeding and then take a contrary stand later in the same litigation." *Wood v. Cooley*, 78 So. 3d 920, 926 (¶14) (Miss. 2011) (quoting *Dockins v. Allred*, 849 So.

7

2d 151, 155 (¶7) (Miss. 2003)). Similarly, collateral estoppel bars a party from relitigating specific issues that have already been litigated in a former action. *Ward Gulfport Props. L.P. v. Miss. State Highway Comm'n*, 176 So. 3d 789, 794 (¶14) (Miss. 2015).

¶13. McGee argued that Lyon's alienation-of-affection claim was judicially estopped because the couple entered into an agreement whereby Lyon withdrew fault grounds of adultery for irreconcilable differences. Accordingly, McGee argues he cannot be at fault for breaking up a marriage that was already irreconcilably broken. In its order granting summary judgment, the trial court did not address the estoppel argument, but focused on causation.

¶14. We find McGee's estoppel and issue-preclusion arguments are without merit. Just because the Lyons were granted an irreconcilable-differences divorce does not mean there was no adultery. As here, divorcing parties often withdraw fault grounds and opt for irreconcilable differences. *See Watson v. Watson*, 882 So. 2d 95, 108-09 (¶¶67-68) (Miss. 2004) (In an irreconcilable-differences divorce, a chancellor was found in error for dividing assets equally in property settlement and not taking into consideration the husband's long-term adulterous conduct that broke up the marriage.); *Driste v. Driste*, 738 So. 2d 763, 766 (¶9) (Miss. Ct. App. 1998) (In an uncontested divorce, a court held that limited testimony on fault may be introduced for *Armstrong* factors to determine alimony.). The fact that the divorce is granted without fault does not mean there was no fault, or that fault cannot be considered for other purposes.

¶15. Regarding causation, McGee had the initial burden to show that Lyon would be

unable to prove an essential element of his claim. *See Palmer v. Biloxi Reg'l Med. Ctr. Inc.*, 564 So. 2d 1346, 1356 (Miss. 1990). The elements of alienation of affection are: "(1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss." *Fitch v. Valentine*, 959 So. 2d 1012, 1025 (¶36) (Miss. 2007). "A claim for alienation of affection does not require that the plaintiff prove an adulterous relationship . . . ." *Bland v. Hill*, 735 So. 2d 414, 417 (¶13) (Miss. 1999) (citation omitted). "The 'wrongful' conduct necessary to maintain an action for alienation of affections is the direct and intentional interference with the marriage relationship by the defendant." *Children's Med. Group P.A. v. Phillips*, 940 So. 2d 931, 934 (¶9) (Miss. 2006). The plaintiff must establish that his spouse "was induced to abandon the [husband] by some active interference on the part of the defendant." *Id.* (quoting *Stanton v. Cox*, 162 Miss. 438, 450, 139 So. 458, 460 (1932)).

¶16. In his answer, McGee stated that he was not at fault for the demise of the Lyons' marriage because he had no contact with Lyon's wife until after the Lyons were separated on July 12, 2013. Lyon argues this allegation, in an unsworn pleading, is insufficient to establish a lack of a genuine issue of material fact; thus, summary judgment was improper.

¶17. McGee responded that the trial court relied on more than just his answer to find no genuine issue of material fact. Also attached to his motion was the settlement agreement signed by both parties, which stated "irreconcilable differences" had arisen between Robin and Lyon, resulting in their separation on July 12, 2013. McGee cites the settlement agreement as proof that the marriage was "irretrievably broken" as of the date of separation,

July 12, 2013. While the agreement does not use that wording, it does state that "irreconcilable differences have arisen between Robin and [Lyon] resulting in the parties having heretofore separated on the 12th day of July, 2013."

¶18. After reviewing the record, we find that McGee's motion for summary judgment met his initial burden of showing a lack of a genuine issue of material fact as to a causal connection. While McGee did not offer any sworn evidence to support his argument, but merely his answer, where he stated he was not at fault because his and Robin's contact occurred after separation, Rule 56(b) states that a party may move for summary judgment with or without supporting affidavits. *See also Johnson v. Pace*, 122 So. 3d 66, 68 (¶8) (Miss. 2013); *Lott v. Purvis*, 2 So. 3d 789, 791 (¶9) (Miss. Ct. App. 2009). In Rule 56 of the Federal Rules of Civil Procedure, failure to introduce affidavits will not prevent summary judgment if the prerequisites are met in some other way. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2722 at 394-95 (4th ed. 2016). Further, the Mississippi Supreme Court has made clear that the movant only has the burden of producing evidence in support of the motion if the movant has the burden of proof on the issue at trial. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88-89 (¶11) (Miss. 2013) (citation omitted); *Haley v. Jurgenson*, 154 So. 3d 935, 937 (¶7) (Miss. Ct. App. 2015). Instead, "the movant bears the burden of *persuading* the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." *Karpinsky*, 109 So. 3d at 88 (¶11) (citation omitted). Moreover, summary judgment is appropriate when the nonmovant fails to "make a showing sufficient

10

to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Id.* at 89 (¶11) (citation omitted).

¶19.  Here, McGee does not have the burden of proof at trial; therefore, at the summary-judgment stage, he merely had the burden of persuading the trial judge that his motion was proper.  McGee cited to his answer that the affair did not begin until months after the Lyons' separation, and then challenged Lyon to prove otherwise.[3]  Lyon wholly ignored the challenge.

¶20.  The oral argument on summary judgment, again, addressed only the estoppel arguments.  However, immediately following that hearing was argument on McGee's motion in limine to exclude voice recordings, emails, and evidence showing a relationship between Robin and McGee before October 2013.  Although the discussion was not within the context of the motion for summary judgment, it analyzed the evidence that supported when the affair began.  Lyon's counsel explained that the affair did not begin "like a light switch" in October 2013, but the evidence would show through a "combination of testimony, phone-record patterns, and behavior – all of these things will agitate toward the affair beginning earlier."  McGee's counsel explained that he did not want any information mentioned prior to October 2013 because Lyon admitted in his deposition when asked if "he had any other proof of any intimate conduct prior to October 2013," he responded "no."  McGee's counsel

---

[3] In McGee's motion for summary judgment, he stated there was no causation because "any alleged conduct or contact with [Lyon]'s former spouse, [Robin], occurred long after the separation of [Lyon] and [Robin] and accordingly, there is no causal connection between the alleged conduct on the part of [McGee] in any alleged loss claimed by [Lyon]."

11

surmised that there was no proof of an earlier relationship other than suspicions on the part of Lyon. We cannot say the circuit court erred in concluding that Lyon's references to the telephone records were insufficient to establish a genuine issue of material fact of McGee's involvement with Robin prior to the date of separation.

¶21. Next, Lyon argues that the circuit court improperly granted summary judgment because of Lyon's insufficient rebuttal to the unsupported claim that McGee raised in his answer. It is well established that the nonmoving party "may not rest upon the mere allegations or denials of the pleadings," but "must set forth specific facts showing there is a genuine issue for trial." *Bosarge v. LWC MS Props. LLC*, 158 So. 3d 1137, 1142 (¶14) (Miss. 2015) (citation omitted). Mississippi Rule of Civil Procedure 56(e) states "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." In the federal rules, the nonmovant must support his or her factual position by evidence that will be admissible at trial; and not merely rely on allegations in pleadings. F.R.C.P. 56(c)(1); Wright & Miller, § 2739 at 354.

¶22. We find Lyon presented no proof of causation in rebuttal that could be utilized by the circuit court. Similar to McGee, Lyon did not file any sworn statements or discovery materials to rebut McGee's claim of lack of proof for causation. Instead, Lyon focused his response on McGee's arguments for collateral/judicial estoppel and issue preclusion. It was not until Lyon's motion to reconsider that he offered discovery documents, but these, too, were without proper affidavits or sponsors. When the motion for summary judgment was

heard, no evidence was presented to show a triable issue regarding causation. Therefore, we cannot say that the circuit court erred in granting McGee's motion for summary judgment.

## II. Motion for Reconsideration

¶23. Lyon argues that the circuit court erred in denying his motion for reconsideration under Mississippi Rule of Civil Procedure 59(e). Under such a motion, "the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Brooks v. Robertson*, 882 So. 2d 229, 233 (¶15) (Miss. 2004) (citation omitted). The standard of our review is an abuse of discretion. *Id.*

¶24. Lyon argues that the evidence he provided in support of his motion for reconsideration established a genuine issue of fact that McGee and Robin had a relationship that predated July 12, 2013 – the date of the Lyons' separation. He also claims the evidence shows an issue of fact for the causal element.

¶25. Lyon attached numerous exhibits in support of this contention and his motion; however, none of it was appropriate for a motion to reconsider. Under Rule 59(e), evidence submitted for a motion to reconsider must be "new . . . or not previously available." All of the evidence attached to the motion was previously available at the summary-judgment stage. Those exhibits included discovery materials showing regular telephone contact between the couple, emails between Lyon and McGee's wife discussing the affair,[4] and

---

[4] These emails were unauthenticated and unsworn.

13

Lyon's own deposition testimony where he testified to McGee's attempt to lure Robin away.[5]  Lyon also submitted McGee's interrogatory response where he admitted that the affair with Robin began on October 4, 2013.  Further submitted were McGee's work cellular-telephone bills for three years, from 2012 through 2015.  Lyon claims that the telephone records show eighteen telephone calls exchanged between McGee and Robin during April 2013, forty-four calls in May 2013, forty-six calls in June 2013, and sixty-five calls in July 2013.  Lyon states that these records show a "sudden and dramatic" increase in communication starting in April 2013.  However, these were apparently the telephone records referred to during the motion-in-limine hearing, and they were available prior to the court's summary-judgment ruling and would not, therefore, be a proper reason for reconsideration.  In *In re Will of Smith*, 910 So. 2d 562, 569 (¶¶28-31) (Miss. 2005), the Mississippi Supreme Court found no abuse of discretion for the trial court's refusal to consider an affidavit filed with a motion for reconsideration.  Under Rule 56(c), all affidavits must be filed before the date of the hearing on summary judgment.

---

[5] The attached excerpt of Lyon's deposition testimony was Lyon's response to what proof he had that McGee lured his wife away from him and the marriage.  Lyon claimed McGee "had his eyes sexually on my ex-wife since the time she babysat for him twenty years ago" when she would lay out by the pool in a bikini.  Lyon claimed that McGee made comments about her appearance "on a regular basis"; some in Lyon's presence.  McGee told Robin she could be McGee's fourth wife if she ever left Lyon, in front of McGee's current wife and both couple's children.  Lyon testified that they separated because Robin "asked for a divorce in April [2013] out of the blue.  We were living the American dream – paid for home, she was a stay-at-home mom home-schooling the kids, lived close to all her family – everything she said she wanted from the beginning of our marriage, she had . . . ."

¶26. Further, the records[6] only show an increase in communication; they do not prove an affair at the time. Our Court has recognized:

> the circumstantial-evidence doctrine allows the jury to draw an inference of the defendant's negligence. . . . Circumstantial evidence is sufficient when it leads to an inference of negligence on behalf of one party. But circumstantial evidence that still leaves many inferences available is not sufficient as proof for necessary elements of a claim.

*Walz v. HWCC-Tunica Inc.*, 186 So. 3d 375, 377-78 (¶¶12-13) (Miss. Ct. App. 2016) (This Court affirmed summary judgment in a slip-and-fall negligence case because circumstantial evidence surrounding the fall did not create an inference that a business-owner caused a dangerous condition.). Lyon argues that the telephone records lead to an inference that the affair occurred earlier; however, they do not satisfy his burden of proof since they only imply the affair might have started earlier. There is no indication of what was discussed during the telephone calls, or that McGee was inducing Robin to abandon her marriage. Thus, the records create no inference sufficient to satisfy Lyon's burden of proof.

¶27. A motion for summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). Here, as in *Liberty Lobby*, the ruling judge must ask at the summary-judgment stage "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Id.* Even on reconsideration, with Lyon's belated attempt to enter evidence supporting his claim, Lyon did not meet this burden of proof.

---

[6] McGee correctly argues that the telephone records, without a sponsoring affidavit, have no evidentiary basis.

¶28.    **ON DIRECT APPEAL:  AFFIRMED.  ON CROSS-APPEAL:  AFFIRMED.**

   **LEE, C.J., IRVING, P.J., CARLTON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.  WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., AND FAIR, J., NOT PARTICIPATING.**